IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JAMES E. JOHNS and<br>KAREN L. JOHNS, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. 3:17-cv-00924 |
| THE CITY OF FRANKLIN, TENNESSEE,<br>OFFICER ELIJAH VALIMONT, and<br>OFFICER ADAM WADE, | ) <br> ) <br> ) <br> ) | Judge Aleta A. Trauger<br>JURY DEMAND |
| Defendants. | ) | |

**ANSWER OF CITY OF FRANKLIN, TENNESSEE**

In response to the Complaint filed against it, Defendant, City of Franklin, Tennessee ("City"), states as follows:

1. Admitted, upon information and belief.

2. The City admits that it is a municipal entity organized under the laws of the State of Tennessee and located in Williamson County, Tennessee. The City admits that it is the employer of Officers Elijah Valimont and Adam Wade. Any allegation inconsistent with the foregoing is denied.

3. Admitted.

4. The City does not dispute Federal question jurisdiction as alleged in the paragraph numbered 4 of the Complaint.

**FACTUAL ALLEGATIONS**

5. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 5.

6. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 6.

7. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 7.

8. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 8.

9. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 9.

10. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 10.

11. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 11.

12. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 12.

13. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 13.

14. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 14.

15. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 15.

16. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 16.

17. The City lacks knowledge or information sufficient to admit or deny the allegations

contained in the paragraph numbered 17.

19. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 18.

19. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 19.

20. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 20.

21. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 21.

22. The City lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 22.

## CAUSES OF ACTION

23. To the extent applicable, the City restates and incorporates herein all averments, denials and responses previously set forth as if set forth herein.

24. **CIVIL RIGHTS CLAIM - EXCESSIVE FORCE.** Denied.

25. **CIVIL RIGHTS CLAIM - ARREST WITH NO PROBABLE CAUSE.** Denied.

26. **CIVIL RIGHTS CLAIM - INVASION OF PERSONAL HOME.** Denied.

27. **CIVIL RIGHTS CITY - EXCESSIVE FORCE.** Denied.

28. **CIVIL RIGHTS CLAIM CITY - INVASION OF PERSONAL HOME VIA WARRANTLESS ENTRY.** Denied.

29. Any allegation not previously admitted or addressed herein is denied.

# AFFIRMATIVE DEFENSES

1. To the extent that Plaintiffs's Complaint in this action fails to state a cause of action or any claim for relief against this Defendant, this Court should dismiss the Complaint in its entirety or the non-sufficient specific allegations.

2. No act or omission on the part of this Defendant violated any of Plaintiffs's rights under either Federal or State law.

3. To the extent applicable, and only because of Plaintiffs's reference to a claim for alleged relief in their Prayer for Relief regarding the Tennessee Governmental Tort Liability Act, this Defendant is entitled to all and any immunities available to it under the Governmental Tort Liability Act, T.C.A. § 29-20-101, et seq., for any state law claims.

4. Plaintiffs's damages are barred or diminished due to their own failure to take reasonable steps to mitigate, alter or reduce or otherwise diminish any of their alleged damages.

5. The City is immune from punitive damages under 42 U.S.C. § 1983 and, only to the extent applicable, is immune from punitive damages under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, et seq.

6. No policy, practice, procedure, custom or other action or inaction on the part of the City caused the Plaintiffs to suffer any alleged violation of their rights under either Federal or State law.

7. To the extent applicable, the City is immune under the Governmental Tort Liability Act for any of Plaintiffs's claims either sounding in or based upon allegations of intentional acts, civil rights, and/or inflection of emotional distress. T.C.A. § 29-20-205.

8. The City demands a jury to try this action.

9. The City demands its costs and attorneys fees expended herein, and all other relief to which it may be entitled pursuant to 42 U.S.C. § 1988.

10. The City reserves the right to amend this Answer and plead further if additional facts become available during the discovery process.

NOW, having answered the Complaint and having asserted its defense, the City prays that this Court dismiss Plaintiffs's action in its entirety with costs taxed to Plaintiffs.

*/s/ Robert M. Burns*
Robert M. Burns, #15383
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN  37201-1107
rburns@howell-fisher.com
(615) 921-5211
*Attorney for Defendants,*
*City of Franklin, Tennessee,*
*Officer Elijah Valimont and*
*Officer Adam Wade*

Kristen L. Corn, #28258
CITY OF FRANKLIN, TENNESSEE
109 Third Avenue South
Franklin, TN 37065
(615) 550-6603
kristen.corn@franklintn.gov
*Attorney for Defendant,*
*City of Franklin, Tennessee*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 6th day of September, 2017. Notice of this filing will be sent by operation of the Court's electronic filing system to:

>David L. King, Esq., #07311
>Nathan Colburn, Esq., #028488
>TENNESSEE LAW GROUP
>1201A 7th Avenue, North
>Nashville, TN 37208
>dking9594@aol.com
>colburnlaw@gmail.com
>*Attorneys for Plaintiffs*

>*/s/ Robert M. Burns*
>Robert M. Burns