IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JAMES E. JOHNS and | ) | |
| KAREN L. JOHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00924 |
| | ) | |
| THE CITY OF FRANKLIN, TENNESSEE, | ) | Judge Aleta A. Trauger |
| OFFICER ELIJAH VALIMONT, and | ) | JURY DEMAND |
| OFFICER ADAM WADE, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF OFFICER ELIJAH VALIMONT**

In response to the Complaint filed against him, Defendant, Officer Elijah Valimont, ("Officer Valimont"), states as follows:

1. Admitted, upon information and belief.

2. Officer Valimont admits that the City of Franklin, Tennessee ("City") is a municipal entity organized under the laws of the State of Tennessee and located in Williamson County, Tennessee and the City is his employer. Any allegation inconsistent with the foregoing is denied.

3. Admitted.

4. Officer Valimont does not dispute Federal question jurisdiction as alleged in the paragraph numbered 4 of the Complaint.

**FACTUAL ALLEGATIONS**

5. Officer Valimont lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 5.

6. Officer Valimont lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 6.

7. Officer Valimont lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 7.

8. Officer Valimont lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 8.

9. Officer Valimont admits that while he and Officer Wade were attempting to speak with an individual later identified as Plaintiffs's son, Plaintiff Karen Johns exited an apartment believed to be numbered 405 and began attempting to speak with Officers Valimont and Wade as the Officers were attempting to speak with Ezra Johns. Upon information and belief, Plaintiff James Johns stepped to and within the vicinity of where the Officers were located and began recording the interaction with the Johns's family members on his cell phone.

10. Officer Valimont admits that other officers from the Franklin Police Department arrived at the scene of the encounter with Plaintiffs.

11. Officer Valimont admits that he and Officer Wade had a verbal interaction with the Plaintiffs outside their apartment but otherwise denies as stated the allegations contained in the paragraph numbered 11 of the Complaint.

12. Officer Valimont denies the allegations as stated contained in the paragraph numbered 12 of the Complaint.

13. Officer Valimont denies the allegations as stated contained in the paragraph numbered 13 of the Complaint.

14. Officer Valimont denies the allegations as stated contained in the paragraph numbered 14 of the Complaint.

15. Officer Valimont denies the allegations as stated contained in the paragraph numbered 15 of the Complaint.

16. Officer Valimont denies the allegations as stated contained in the paragraph numbered 16 of the Complaint.

17. Officer Valimont denies the allegations as stated contained in the paragraph numbered 17 of the Complaint.

18. Officer Valimont denies the allegations as stated contained in the paragraph numbered 18 of the Complaint.

19. Officer Valimont denies the allegations as stated contained in the paragraph numbered 19 of the Complaint.

20. Officer Valimont admits that members of the Williamson County Emergency Medical Service transported each Plaintiff to the Emergency Department at Williamson Medical Center in Franklin, Tennessee. Otherwise, this Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 20 of the Complaint.

21. The Criminal Court records as to either or both of Plaintiffs's criminal charges and the outcome of the same speak for themselves and require no further response from this Defendant.

22. Officer Valimont lacks knowledge or information sufficient to admit or deny the allegations contained in the paragraph numbered 22 in reference to Plaintiffs's losses or damages. Officer Valimont denies the characterization that Plaintiffs were attacked or their home otherwise invaded.

## CAUSES OF ACTION

23. To the extent applicable, the Officer Valimont restates and incorporates herein all averments, denials and responses previously set forth as if set forth herein.

24. **CIVIL RIGHTS CLAIM - EXCESSIVE FORCE.** Denied.

25. **CIVIL RIGHTS CLAIM - ARREST WITH NO PROBABLE CAUSE.** Denied.

26. **CIVIL RIGHTS CLAIM - INVASION OF PERSONAL HOME.** Denied.

27. **CIVIL RIGHTS CITY - EXCESSIVE FORCE.** Denied.

28. **CIVIL RIGHTS CLAIM CITY - INVASION OF PERSONAL HOME VIA WARRANTLESS ENTRY.** Denied.

29. Any allegation not previously admitted or addressed herein is denied.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiffs's Complaint in this action fails to state a cause of action or any claim for relief against this Defendant, this Court should dismiss the Complaint in its entirety or the Plaintiffs's specific allegations.

2. This Defendant is not liable to Plaintiffs for attorneys fees, costs or any other form of damage or relief requested in this action.

3. To the extent applicable, and only because of Plaintiffs's reference to a claim for alleged relief in their Prayer for Relief regarding the Tennessee Governmental Tort Liability Act, this Defendant is entitled to all and any immunities available to him under the Governmental Tort Liability Act, as set forth at T.C.A. § 29-20-201, et seq., including, but not limited to, the cap on damages.

4. This Defendant affirmatively pleads and relies upon the defense of qualified immunity, such that it should be clear that any reasonable officer considering the totality of the circumstances upon which this action is based would have acted as he did under the circumstances.

5. In the alternative, if the Court finds this Defendant violated any right of the Plaintiffs, the right was not clearly established under the circumstances at issue in this case.

6. This Defendant demands a jury of twelve to try this action.

7. This Defendant avers that he should be awarded attorneys fees and costs pursuant to 42 U.S.C. § 1988.

8. The Complaint fails to state a claim for punitive damages, but in the event that this Court holds otherwise, this Defendant denies that Plaintiffs are entitled to any recovery of punitive damages against him under either federal or state law. In addition, before any such recovery can be had, this Defendant moves the Court to bifurcate the proceeding on the issue of punitive damages, pursuant to the holding of the Tennessee Supreme Court in *Hodges v. Toof*, 833 S.W.2d 896 (Tenn. 1992) and its progeny.

NOW, having answered the Complaint and having asserted his defense, Officer Valimont prays that this Court dismiss Plaintiffs's action in its entirety with costs taxed to Plaintiffs.

*/s/ Robert M. Burns*
Robert M. Burns, #15383
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
rburns@howell-fisher.com
(615) 921-5211
*Attorney for Defendants,*
*City of Franklin, Tennessee,*
*Officer Elijah Valimont and*
*Officer Adam Wade*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 6th day of September, 2017. Notice of this filing will be sent by operation of the Court's electronic filing system to:

| | |
|---|---|
| David L. King, Esq., #07311<br>Nathan Colburn, Esq., #028488<br>TENNESSEE LAW GROUP<br>1201A 7th Avenue, North<br>Nashville, TN 37208<br>dking9594@aol.com<br>colburnlaw@gmail.com<br>*Attorneys for Plaintiffs* | Kristen L. Corn, Esq., #28258<br>CITY OF FRANKLIN, TENNESSEE<br>109 Third Avenue South<br>Franklin, TN 37065<br>kristen.corn@franklintn.gov<br>*Attorney for Defendant,*<br>*City of Franklin, Tennessee* |

                                        ***/s/ Robert M. Burns***
                                        Robert M. Burns